UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOEWE, S.A.,

*Plaintiff*

v.

ALL-IN-ONE STORE, ANNIE+86 18671363691
STORE STORE, CHANGSHA YUWEI
TECHNOLOGY CO., LTD., DONGGUAN
YOUXIAN JEWELRY CO., LTD., DONGGUAN
ZEHAO JEWELRY CO., LTD., GLOBAL FACTORY
SELECTION STORE, GUANGZHOU CHAOYUE
LEATHER CO., LTD., GUANGZHOU DAIDAN
JEWELRY CO., LTD., GUANGZHOU DONGAI
JEWELRY CO., LTD., GUANGZHOU TIANBAO
LEATHER PRODUCTION CO., LTD.,
GUANGZHOU XIUQUAN LEATHERWARE CO.,
LTD., GUIYANG WANJIANG JEWELRY CO., LTD,
HUAIBEI HUIHE TECHNOLOGY CO., LTD.,
LONGYAN YUQIXUAN GARMENTS CO., LTD.,
QUANZHOU LICHENG DISTRICT SHIMAIYI
TRADING CO., LTD., SHANGHAI CHOZA
INDUSTRIAL CO., LTD., SHENZHEN BEST
LEATHER HANDBAGS CO., LTD.,
SHOP1104636646 STORE, SHOP1104660580
STORE, TRADE CENTER STORE, YIWU HALO
IMPORT & EXPORT CO., LTD., YIWU
LIANGDIAN JEWELRY CO., LTD., YIWU
LIAOYUAN TRADE CO., LTD., YIWU QIREN
JEWELRY FACTORY (INDIVIDUAL BUSINESS),
YIWU REBACCAS JEWELRY&CRAFT
FACTORY, YIWU SHUQIN CLOTHING CO., LTD.,
YIWU XINGYING INFORMATION
TECHNOLOGY CO., LTD. and YIWU YOUYUE
TRADING CO., LTD.,

*Defendants*

25-CV-8778 (JPO)

1) TEMPORARY
RESTRAINING ORDER; 2)
ORDER RESTRAINING
MERCHANT STOREFRONTS
AND DEFENDANTS' ASSETS
WITH THE FINANCIAL
INSTITUTIONS; 3) ORDER TO
SHOW CAUSE WHY A
PRELIMINARY INJUNCTION
SHOULD NOT ISSUE; 4)
ORDER AUTHORIZING
BIFURCATED AND
ALTERNATIVE SERVICE; AND
5) ORDER AUTHORIZING
EXPEDITED DISCOVERY

FILED UNDER SEAL

## GLOSSARY

| Term | Definition |
|------|------------|
| **Plaintiff or Loewe** | Loewe, S.A. |
| **Defendants** | All-in-One Store, Annie+86 18671363691 Store Store, Changsha Yuwei Technology Co., Ltd., Dongguan Youxian Jewelry Co., Ltd., Dongguan Zehao Jewelry Co., Ltd., Global Factory Selection Store, Guangzhou Chaoyue Leather Co., Ltd., Guangzhou Daidan Jewelry Co., Ltd., Guangzhou Dongai Jewelry Co., Ltd., Guangzhou Tianbao Leather Production Co., Ltd., Guangzhou Xiuquan Leatherware Co., Ltd., Guiyang Wanjiang jewelry Co., LTD, Huaibei Huihe Technology Co., Ltd., Longyan Yuqixuan Garments Co., Ltd., Quanzhou Licheng District Shimaiyi Trading Co., Ltd., Shanghai Choza Industrial Co., Ltd., Shenzhen Best Leather Handbags Co., Ltd., Shop1104636646 Store, Shop1104660580 Store, Trade Center Store, Yiwu Halo Import & Export Co., Ltd., Yiwu Liangdian Jewelry Co., Ltd., Yiwu Liaoyuan Trade Co., Ltd., Yiwu Qiren Jewelry Factory (Individual Business), Yiwu Rebaccas Jewelry&Craft Factory, Yiwu Shuqin Clothing Co., Ltd., Yiwu Xingying Information Technology Co., Ltd. and Yiwu Youyue Trading Co., Ltd. |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause |

| | |
|---|---|
| | why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Lambert Dec.** | Declaration of Nicolas Lambert in Support of Plaintiff's Application |
| **Turitto Dec.** | Declaration of Michael Turitto in Support of Plaintiff's Application |
| **Loewe Products** | Luxury women's and men's leather goods, clothing, perfume and other fashion accessories |
| **Loewe Marks** | U.S. Trademark Registration Nos.: 1,328,409 for  for a variety of goods in Classes 18 and 25; 4,852,854 for  for a variety of goods in Class 25; 5,754,088 for  for a variety of goods in Classes 18 and 25; 5,946,699 for  for a variety of goods in Class 18 and 25; 4,693,808 for  for a variety of goods in Class 14; 5,999,318 for  for a variety of goods in Class 3; 5,047,314 for  for a variety of goods in Classes 3, 9, 14, 18 and 25e; 4,036,941 for  a variety |

| | |
|---|---|
| | of goods in Class 3; 6,458,330 for  for a variety of goods in Classes 3 and 4; 6,235,345 for  for a variety of goods in Class 3; 2,655,473 for  for a variety of goods in Class 9; 2,079,138 for "ESENCIA LOEWE" for a variety of goods in Class 3; 2,099,086 for "AIRE LOEWE" for a variety of goods in Class 3; 1,122,323 for "LOEWE" for a variety of goods in Classes 16, 18 and 20; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 3,021,208 for "SOLO LOEWE" for a variety of goods in Class 3; 1,513,278 for "LOEWE" for a variety of goods in Class 3 and 14; 6,458,158 for "LOEWE HONESTY" for a variety of goods in Class 3; 6,274,715 for "LOEWE" for a variety of goods in Class 9; 4,152,315 for "AURA LOEWE" for a variety of goods in Class 3; 6,458,331 for "LOEWE" for a variety of goods in Classes 3 and 4; 4,801,597 for "LOEWE" for a variety of goods in Class 35; 7,349,718 for "LOEWE AIRE" for a variety of goods in Class 3; 4,948,683 for "LOEWE 001" for a variety of goods in Class 3; 7,349,717 for "LOEWE SOLO" for a variety of goods in Class 3; 7,349,719 for "LOEWE 7" for a variety of goods in Class 3; 2,698,284 for "LOEWE" for a variety of goods in Class 9; 6,647,043 for "PAULA'S IBIZA" for a variety of goods in Classes 18, 24 and 25; and 4,906,598 for "ECLECTIC" a variety of goods in Class 3 |
| **Loewe Design** | U.S. Design Patent No. D774,299 entitled "Handbag" |
| **Counterfeit Products** | Products bearing or used in connection with the Loewe Marks and/or marks that are confusingly similar to the Loewe Marks, and/or products in packaging and/or with labeling bearing the Loewe Marks and/or marks that are confusingly similar to the Loewe Marks, and/or products that are identical or confusingly similar to the Loewe Products, and/or products using or identical to the Loewe Design |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant** | Any and all User Accounts through which Defendants, their |

iii

| | |
|---|---|
| **Storefronts** | respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) ("Alipay") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

J. PAUL OETKEN, District Judge:

Before this Court is Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1]  A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application, Declarations of Nicolas Lambert and Michael Turitto, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law and GRANTS Plaintiff's application.

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Loewe was founded in 1846 in Madrid, Spain by a group of Spanish leather craftsman and the brand originated in 1876 when Enrique Loewe joined the group.  Loewe is a world-famous luxury brand engaged in the business of selling a diverse portfolio of luxury goods, including men's and women's apparel, accessories, leather goods, perfumes and cosmetics through various channels of trade in the United States and globally.  The Loewe brand is recognized for its minimalistic aesthetic and artisanal craftsmanship.

2.      The Loewe Products are marketed under the Loewe Marks.

3.      The Loewe Products are sold direct to consumer via Loewe's official website, https://loewe.com, and distributed through its own brick and mortar stores along with multi-brand

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

retailers including, but not limited to, Bergdorf Goodman, Neiman Marcus, Saks Fifth Avenue and

Selfridges. Loewe is stocked in stores worldwide, including but not limited to, Madrid, Tokyo,

Milan, Hong Kong, Miami, and the Wynn Hotel Las Vegas.

4.      The Loewe Products typically retail for between $65.00 - $16,000.00.

5.      While Plaintiff has gained significant common law trademark and other rights in its

Loewe Marks and Loewe Products through use, advertising and promotion, Plaintiff also protected

its valuable rights by filing for and obtaining federal trademark registrations.

6.      For example, Loewe owns the following U.S. Trademark Registration Nos.: in

Class 24; 1,328,409 for  for a variety of goods in Classes 18 and 25; 4,852,854

for  for a variety of goods in Class 25; 5,754,088 for  for a

variety of goods in Classes 18 and 25; 5,946,699 for  for a variety of goods in Class 18

and 25; 4,693,808 for for a variety of goods in Class 14; 5,999,318 for 

for a variety of goods in Class 3; 5,047,314 for for  a variety of goods in Classes 3,



9, 14, 18 and 25e; 4,036,941 for      a variety of goods in Class 3; 6,458,330 for

 for a variety of goods in Classes 3 and 4; 6,235,345 for **LOEWE** **AURA** for a

variety of goods in Class 3; 2,655,473 for      for a variety of goods in Class 9;

2,079,138 for "ESENCIA LOEWE" for a variety of goods in Class 3; 2,099,086 for "AIRE

LOEWE" for a variety of goods in Class 3; 1,122,323 for "LOEWE" for a variety of goods in

Classes 16, 18 and 20; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 3,021,208 for

"SOLO LOEWE" for a variety of goods in Class 3; 1,513,278 for "LOEWE" for a variety of

goods in Class 3 and 14; 6,458,158 for "LOEWE HONESTY" for a variety of goods in Class 3;

6,274,715 for "LOEWE" for a variety of goods in Class 9; 4,152,315 for "AURA LOEWE" for

a variety of goods in Class 3; 6,458,331 for "LOEWE" for a variety of goods in Classes 3 and 4;

4,801,597 for "LOEWE" for a variety of goods in Class 35; 7,349,718 for "LOEWE AIRE" for

a variety of goods in Class 3; 4,948,683 for "LOEWE 001" for a variety of goods in Class 3;

7,349,717 for "LOEWE SOLO" for a variety of goods in Class 3; 7,349,719 for "LOEWE 7" for

a variety of goods in Class 3; 2,698,284 for "LOEWE" for a variety of goods in Class 9;

6,647,043 for "PAULA'S IBIZA" for a variety of goods in Classes 18, 24 and 25; and 4,906,598

for "ECLECTIC" a variety of goods in Class 3.

        7.     The Loewe Marks are currently in use in commerce in connection with the Loewe

Products.

8.      The Loewe Products are also known for their distinctive patented designs.  Loewe uses these designs on and in connection with its Loewe Products, including, but not limited to, the Loewe Design.

9.      Loewe is the lawful owner of all right, title and interest in and to the Loewe Design. U.S. Patent No. D774,299 was lawfully issued on December 20, 2016, with named inventor Jonathan Anderson.

10.     Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, using, making, offering for sale and/or selling Counterfeit Products through Defendants' User Accounts and Merchant Storefronts with Alibaba and/or AliExpress (see Schedule A for links to Defendants' Merchant Storefronts and Infringing Listings).

11.     Defendants are not, nor have they ever been, authorized distributors or licensees of the Loewe Products.  Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Loewe Marks and/or Loewe Design, nor has Plaintiff consented to Defendants' use of marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Loewe Marks.

12.     Plaintiff is likely to prevail on its Lanham Act, Patent Act and related common law claims at trial.

13.     As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

    a.  Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Loewe Marks and/or Loewe Design;

4

b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Loewe Products; and

c. Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Loewe Marks and/or Loewe Design, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Loewe Marks and/or Loewe Design, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Loewe Marks and/or Loewe Design and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence.

14. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far

5

outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Loewe Marks and Loewe Design and to its reputations if a temporary restraining order is not issued.

15.     Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Loewe Marks and Loewe Design, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Loewe Products.

16.     Plaintiff has not publicized its request for a temporary restraining order in any way.

17.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

18.     If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Loewe Marks and/or Loewe Design.  Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts.  As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

19.     Similarly, if Defendants are given notice of the Application, they are likely to

destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents

relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting,

distributing, displaying, offering for sale and/or sale of Counterfeit Products.  Therefore,

Plaintiff has good cause to be granted expedited discovery.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is

hereby **GRANTED** as follows:

## I.    **Temporary Restraining Order**

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby

restrained and enjoined from engaging in any of the following acts or omissions for fourteen

(14) days from the date of this order, and for such further period as may be provided by order

of the Court:

1)    manufacturing, importing, exporting, advertising, marketing, promoting, distributing,

displaying, making, using, offering for sale, selling and/or otherwise dealing in

Counterfeit Products, or any other products bearing the Loewe Design and/or Loewe

Marks and/or marks that are confusingly similar to, identical to and constitute a

counterfeiting or infringement of Loewe Marks;

2)    operation of Defendants' User Accounts and Defendants' Merchant Storefronts,

including, without limitation, continued operation of Defendants' User Accounts and

Merchant Storefronts in violation of this Order;

3)    directly or indirectly infringing in any manner Plaintiff's Loewe Marks and/or Loewe

Design;

4)    using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Loewe

Marks to identify any goods or service not authorized by Plaintiff;

5)      using Plaintiff's Loewe Marks and/or any other marks that are confusingly similar to

the Loewe Marks on or in connection with Defendants' manufacturing, importing,

exporting, advertising, marketing, promoting, distributing, offering for sale, selling

and/or otherwise dealing in Counterfeit Products;

6)      making, using, selling, importing and/or offering to sell products that infringe the

Loewe Design;

7)      using any false designation of origin or false description, or engaging in any action

which is likely to cause confusion, cause mistake and/or to deceive members of the

trade and/or the public as to the affiliation, connection or association of any product

manufactured, imported, exported, advertised, marketed, promoted, distributed,

displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the

origin, sponsorship or approval of any product manufactured, imported, exported,

advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

Defendants and Defendants' commercial activities and Plaintiff;

8)      secreting, concealing, destroying, altering, selling off, transferring or otherwise

disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer

files, data, business records, documents or any other records or evidence relating to

their User Accounts, Merchant Storefronts or Defendants' Assets and the

manufacture, importation, exportation, advertising, marketing, promotion,

distribution, display, offering for sale and/or sale of Counterfeit Products;

9)      effecting assignments or transfers, forming new entities or associations, or creating

and/or utilizing any other platform, User Account, Merchant Storefront or any other

means of importation, exportation, advertising, marketing, promotion, distribution,

display, making, using, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

10) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(9) above and I(B)(1) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)      operation of Defendants' User Accounts and Defendants' Merchant Storefronts,
including, without limitation, continued operation of Defendants' User Accounts and
Merchant Storefronts in violation of this Order; and

2)      instructing, aiding, or abetting Defendants and/or any other person or business entity
in engaging in any of the activities referred to in subparagraphs I(A)(1) through
I(A)(9), I(B)(1) and I(C)(1) above, including, without limitation, by providing
services necessary for Defendants to continue operating Defendants' User Accounts
and Merchant Storefronts in violation of this Order.

## II.      Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.  Defendants are hereby ORDERED to show cause before this Court via telephone conference
on November 10, 2025 at 3:30 p.m., why a preliminary injunction, pursuant to Fed. R. Civ.
P. 65(a), should not issue.  Counsel should call (855) 244-8681 at the scheduled time.  The
attendee ID number is 2312 828 7066.

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with
the Court and served on Plaintiff's counsel by delivering copies thereof to the office of
Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason
M. Drangel on or before November 3, 2025.  Plaintiff shall file any Reply papers on or
before November 5, 2025.

C.  IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear
at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition
of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take
effect immediately upon the expiration of this Order, and may extend throughout the length
of the litigation under the same terms and conditions set forth in this Order.

### III.    Asset Restraining Order

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)      delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and AliExpress pursuant to **Paragraph V(C)**.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the

11

Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com

2)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

3)  delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay will be able to download a PDF copy of this Order via electronic mail to us_ipr_tro_requests@alipay.com;

4)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

5)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com.

## V.    <u>Order Authorizing Expedited Discovery</u>

A.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a.  their true name and physical address;

   b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c.  the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e.  the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3)  Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the

13

production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the

14

U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a.  account numbers;

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or

15

abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a.   any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b.   the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c.   the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d.   Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Counterfeit Products, or any other products using the Loewe Design and/or bearing the Loewe Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Loewe Marks.

## VI.    <u>Security Bond</u>

A.  IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of <u>five thousand Dollars</u> (<u>$5,000.00</u>) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.    <u>Sealing Order</u>

A.  IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Nicolas Lambert and Michael Turrito in support thereof and exhibits attached thereto, and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.


     SO ORDERED.

Dated:  October 27, 2025
      New York, New York

_____
        J. PAUL OETKEN
      United States District Judge

# SCHEDULE A

| No. | Defendant | Infringing Listing | Merchant Storefront |
|---|---|---|---|
| 1 | All-in-One Store | https://www.aliexpress.us/item/3256808573879156.html | https://www.aliexpress.com/store/1103199680 |
| 2 | Annie+86 18671363691 Store Store | https://www.aliexpress.us/item/3256808451695750.html | https://www.aliexpress.com/store/1104627328 |
| 3 | Changsha Yuwei Technology Co., Ltd. | https://www.alibaba.com/product-detail/Wholesale-Ins-Style-Women-Suit-Alloy_1601383808864.html | https://csyuwei.en.alibaba.com/index.html |
| 4 | Dongguan Youxian Jewelry Co., Ltd. | https://www.alibaba.com/product-detail/High-End-Vintage-Style-Square-Letter_1601381367374.html | https://youxian2024.en.alibaba.com/index.html |
| 5 | Dongguan Zehao Jewelry Co., Ltd. | https://www.alibaba.com/product-detail/Stock-18K-Gold-Plated-Square-Hollow_1601314920900.html | https://zhsp1.en.alibaba.com/index.html |
| 6 | Global Factory Selection Store | https://www.aliexpress.us/item/3256808563823439.html | https://www.aliexpress.com/store/1101150330 |
| 7 | Guangzhou Chaoyue Leather Co., Ltd. | https://www.alibaba.com/product-detail/Top-Layer-Cowhide-Geometric-Bag-Mini_1601567008358.html | https://chaoyuebags.en.alibaba.com/index.html |
| 8 | Guangzhou Daidan Jewelry Co., Ltd. | https://www.alibaba.com/product-detail/Daidan-Earring-Square-Gold-Plated-Earrings_1601338689294.html | https://daidan.en.alibaba.com/index.html |
| 9 | Guangzhou Dongai Jewelry Co., Ltd. | https://www.alibaba.com/product-detail/Retro-Unique-Design-High-end-Luxury_1601282090633.html | https://dongai.en.alibaba.com/index.html |
| 10 | Guangzhou Tianbao Leather Production Co., Ltd. | https://www.alibaba.com/product-detail/Top-grain-Cowhide-High-end-Ceiling_1601488661847.html | https://gztianbao.en.alibaba.com/index.html |
| 11 | Guangzhou Xiuquan Leatherware Co., Ltd. | https://www.alibaba.com/product-detail/2025-Wholesale-Luxury-Fashion-Designer-Bags_1601559894030.html | https://gzxiuquan.en.alibaba.com/index.html |
| 12 | Guiyang Wanjiang Jewelry Co., LTD | https://www.alibaba.com/product-detail/Wholesale-Fashion-Unisex-Jewelry-Luxury-Band_1601335083810.html | https://wanbywan.en.alibaba.com/contactinfo.html |
| 13 | Huaibei Huihe Technology Co., Ltd. | https://www.alibaba.com/product-detail/Minimalist-Versatile-Crossbody-Tote-Bag-Large_1601558851407.html | https://hbhuihe.en.alibaba.com/index.html |
| 14 | Longyan Yuqixuan Garments Co., Ltd. | https://www.alibaba.com/product-detail/First-Layer-Cowhide-Messenger-Bag-2025_1601452294465.html | https://yuqixuan.en.alibaba.com/index.html |
| 15 | Quanzhou Licheng District Shimaiy Trading Co., Ltd. | https://www.alibaba.com/product-detail/Luxury-Jewelry-Fashion-Alloy-Rhinestones-Brooches_1601358864465.html | https://qzmaiyi.en.alibaba.com/index.html |
| 16 | Shanghai Choza Industrial Co., Ltd. | https://www.alibaba.com/product-detail/Small-Mini-Puzzle-Handbag-Grainedcalfskin-Hammock_1601363336327.html | https://cnchoza.en.alibaba.com/index.html |
| 17 | Shenzhen Best Leather Handbags Co., Ltd. | https://www.alibaba.com/product-detail/Advanced-Quality-Puzzle-Hobo-Underarm-Bag_1601205326596.html | https://szbestbags.en.alibaba.com/index.html |
| 18 | Shop1104636646 Store | https://www.aliexpress.us/item/3256808509681199.html | https://www.aliexpress.com/store/1104635644 |
| 19 | Shop1104660580 Store | https://www.aliexpress.us/item/3256809373219166.html | https://www.aliexpress.com/store/1104655606 |
| 20 | Trade Center Store | https://www.aliexpress.us/item/3256808569771795.html | https://www.aliexpress.com/store/1103044477 |
| 21 | Yiwu Halo Import & Export Co., Ltd. | https://www.alibaba.com/product-detail/High-End-Vintage-Hollow-Woven-Retro_1601359004294.html | https://yiwujewelry.en.alibaba.com/index.html |
| 22 | Yiwu Liangdian Jewelry Co., Ltd. | https://www.alibaba.com/product-detail/Vintage-Wholesale-Inspired-Brooch-Men-Cheap_1601213472252.html | https://z470000178.en.alibaba.com/index.html |
| 23 | Yiwu Liaoyuan Trade Co., Ltd. | https://www.alibaba.com/product-detail/Designer-Brooches-Hollow-Brooch-Fashion-Men_1601393048610.html | https://liaoyuan88.en.alibaba.com/index.html |
| 24 | Yiwu Qiren Jewelry Factory (Individual Business) | https://www.alibaba.com/product-detail/Upscale-New-Fashion-Square-French-Mesh_1601184130778.html | https://qirenshpin.en.alibaba.com/index.html |
| 25 | Yiwu Rebaccas Jewelry&Craft Factory | https://www.alibaba.com/product-detail/European-and-American-Geometric-Hollow-Metal_1601390915271.html | https://rebaccas.en.alibaba.com/index.html |
| 26 | Yiwu Shuqin Clothing Co., Ltd. | https://www.alibaba.com/product-detail/Women-s-Geometric-Square-Brooch-Set_1601397554525.html | https://ywshuqin.en.alibaba.com/index.html |
| 27 | Yiwu Xingxing Information Technology Co., Ltd. | https://www.alibaba.com/product-detail/European-and-American-Geometric-Hollow-Metal_1601285299306.html | https://ywxingxing.en.alibaba.com/index.html |
| 28 | Yiwu Youyue Trading Co., Ltd. | https://www.alibaba.com/product-detail/Geometry-Square-Brooch-Women-Dress-Suit_1601277190439.html | https://youyuemaoyi.en.alibaba.com/index.html |